IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TUTTLE DOZER WORKS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 2:10-CV-00965-MBS |
| ROBERT J. LOWE, JR., and LOWE & ASSOCIATES, P.C., | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION IN LIMINE**
*(Scope of Testimony of Plaintiff's Expert John P. Freeman)*

COME NOW Defendants Robert J. Lowe, Jr., and Lowe & Associates, P.C. (hereinafter "Defendants"), by and through their undersigned attorneys, and move to limit the expert testimony and solicitation of testimony of John P. Freeman (hereinafter "Mr. Freeman") as follows:

**1. Gyro-Trac Financial Status/Collectability**

Defendants seek to preclude Mr. Freeman from testifying regarding his opinions of Gyro-Trac's financial status or collectability issues related to the underlying <u>Tuttle v. Gyro-Trac</u> case. Mr. Freeman acknowledged in his deposition that he has not reviewed Gyro-Trac's financial documents and, therefore, should be precluded from testifying regarding Gyro-Trac's financial status during the pendency of the underlying <u>Tuttle v. Gyro-Trac</u> litigation. <u>Exhibit A</u>: Deposition of John Freeman, p. 14, ll. 18-21.[1]

Mr. Freeman opines that Mr. Lowe was aware of or should have been aware of problematic collectability issues associated with any judgment Lowe could have gotten against

---
[1] Q. Have you seen Gyro Trac's financial records?
 A. No. But I've seen references where you've got all different companies and everything.

Gyro-Trac in the underlying case. However, in his Affidavits or deposition testimony, he has failed to reference any substantive evidence to support his opinion. Rather, Mr. Freeman makes his assertions as to collectability issues without any foundation or review of the financial documents of the very company upon which he is offering an opinion.

Mr. Lowe reviewed the financial documents in the underlying case and was in a position to examine the collectability of a potential judgment against Gyro-Trac. In contrast, Mr. Freeman, who intends to offer standard of care testimony against Mr. Lowe, has not reviewed any financial documents and therefore has no foundation for any opinions on that issue. In making his assertions on the issue of collectability, Mr Freeman refers to issues including the existence of a blended fee agreement, which he agrees is not inherently improper,[2] and the fact that Gyro-Trac ultimately declared bankruptcy after the lawsuit was settled. However, having reviewed none of the relevant financial documents which could shed any light on the collectability issue, Mr. Freeman is without a basis to make any expert opinions on the issue at trial as required by Rule 702(1) of the Federal Rules of Evidence.

Because Mr. Freeman has not reviewed any of Gyro-Trac's financial records but nevertheless intends to offer standard of care testimony related to the solvency of Gyro-Trac at the time of the underlying case, his testimony on that issue lacks a proper basis and should be excluded.

 2. **General Scope of Testimony**

Mr. Freeman has been presented to testify in support of Plaintiff's legal malpractice cause of action. Defendants therefore seek to limit his testimony at trial to expert opinions regarding whether legal malpractice exists in this case. In other words, Mr. Freeman's testimony should be

---

[2] Exhibit A: Deposition of John Freeman, p. 23, ll. 20-23.

limited to his expert opinions as to whether Mr. Lowe breached the standard of care as Plaintiff's attorney thereby causing Plaintiff damage.

Rule 702 of the Federal Rules of Evidence states "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data..." Rule 702, FRE. For a court to rule that an expert witness is competent, the expert witness must have acquired by reason of such knowledge and skill in business, profession, or science that he is better qualified than the jury to form opinion on particular subject of his testimony. As such, the purpose of Mr. Freeman's testimony in this case is to offer expert testimony associated with his specialized knowledge which will assist the jury in *understanding evidence which would generally be difficult to understand*. The purpose of expert testimony is not to explain legal principles or to offer personal opinions regarding the facts of the case.

For instance, in legal malpractice actions, expert testimony has been used to opine whether a breach of the standard of care thereby causing a client damage exists in the following instances: (1) when an attorney fails to file a lawsuit within the statute of limitations; (2) when an attorney fails to call certain witnesses at trial; (3) when an attorney fails to appear for a court appearance; (4) when a real estate closing attorney fails to ensure the client buyer receives unencumbered property. It is not for legal malpractice experts to offer testimony which (1) is simply oral argument which should be presented to the Court and jury by counsel of record or (2) is simply the expert's personal views about facts which will otherwise be presented to the jury for its consideration.

Because it is anticipated that Mr. Freeman will share his personal views regarding Mr. Lowe's conduct that will not fall within the parameters of expert testimony, Defendants seek to limit Mr. Freeman's testimony at the onset to opinions regarding what act or omission of Defendants constituted a breach of the standard of care proximately causing damage to Plaintiff. For instance, Defendants seek to exclude testimony such as that found in Mr. Freeman's December 19, 2010 Affidavit, in which he states, "Either Mr. Lowe is a con man or an idiot." See Dkt. No. 44 (Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment), Exhibit 10 (Affidavit of John Freeman). Such testimony is improper, irrelevant, inflammatory, and is not beneficial to the fact finder and should be excluded.

For these reasons, Defendants seek a ruling limiting Mr. Freeman's testimony to his opinions as to whether Mr. Lowe breached the standard of care as Plaintiff's attorney thereby causing Plaintiff damage as discussed above.

WHEREFORE, Defendants pray for an Order of the Court as follows:

1. That counsel be instructed not to mention or bring before the jury, either directly or indirectly, upon opening statement, interrogation of witnesses, argument, objections before the jury, or by any other means, any of the matters set forth above, unless and until any such matters have been first called to the Court's attention out of the presence and hearing of the jury and a favorable ruling received from the Court as to the admissibility and relevance of any such matters;

2. That counsel be specifically instructed to inform all of their clients and respective witnesses not to volunteer, interject, disclose, state, mention in the presence of the jury, or in any other way refer to any of the matters stated above, unless and until specifically questioned thereon after prior favorable ruling by the Court; and

3. That counsel be instructed that a violation of any and/or all of the Court's instructions, if any, in connection with the foregoing paragraphs, would be likely to constitute undue harm to the Defendants' case and deprive Defendants of a fair and impartial jury trial, and that such violation and failure to abide by the Court's order may bring about a mistrial.

Respectfully submitted,

CARLOCK, COPELAND & STAIR, LLP
40 Calhoun Street, Suite 400
Charleston, South Carolina 29401

By: s/Amanda K. Dudgeon
    DAVID W. OVERSTREET
    Federal Bar No.: 7363

    AMANDA K. DUDGEON
    Federal Bar No.: 9681

Attorneys for Defendants